UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF VIRGINIA; KATHERINE D. CROWLEY; SEIJRA TOOGOOD; GAYLE HARDY; CAROL D. PETERSEN; and TRACY SAFRAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**VIRGINIA STATE BOARD OF ELECTIONS; ROBERT H. BRINK, JOHN O'BANNON, and JAMILAH D. LECRUISE, in their official capacities as Chairman, Vice-Chair, and Secretary of the Virginia State Board of Elections, respectively; and CHRISTOPHER E. PIPER, in his official capacity as Commissioner of the Virginia Department of Elections,**<br><br>Defendants,<br><br>**REPUBLICAN PARTY OF VIRGINIA,**<br><br>Intervenor-Defendant. | Case No. 6:20-cv-00024-NKM-RSB |

**PARTIAL CONSENT JUDGMENT AND DECREE**

1. Whereas Virginia law requires that every voter filling out an absentee ballot must open, mark, and refold their ballot in the presence of a witness, and then have the witness sign their ballot envelope (the "witness requirement"), as stated in Va. Code § 24.2-706 and § 24.2-707 and as interpreted by 1 Va. Admin. Code 20-70-20(B).

2. Whereas on March 12, 2020, Virginia Governor Ralph S. Northam issued Executive Order 51 (EO 51) in which he declared a state of emergency in Virginia in response to


the spread in Virginia of a respiratory illness (COVID-19) caused by a novel coronavirus—an order that remains in effect.

3. Whereas the virus that causes COVID-19 may be transmitted from person-to-person through close contact via inhalation of respiratory droplets when an infected person breathes, talks, coughs or sneezes; through inhalation of such droplets that become aerosolized and remain suspended in the air; and through contact with surfaces or objects on which the virus is present, followed by touching one's own mouth, nose, or even eyes. The CDC has also confirmed that people infected with the virus may transmit it to others without showing symptoms themselves.

4. Whereas COVID-19 can cause severe consequences, including long-term illness and death, and the virus threatens to infect and harm any individual no matter their age or medical background. COVID-19 is particularly dangerous and sometimes fatal for older individuals, individuals with obesity, individuals with compromised immune systems, individuals with preexisting heart and respiratory conditions including hypertension and asthma, and individuals with various other conditions.

5. Whereas the Virginia Department of Health ("VDH") continues to urge Virginians to do their "part to help stop the spread of COVID-19 by staying at home as much as possible," and federal guidelines state: "[e]veryone [s]hould . . . avoid close contact" by "stay[ing] home as much as possible" and "put[ting] 6 feet of distance between yourself and people who don't live in your household." Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): How to Protect Yourself & Others*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Aug. 4, 2020).

6. Whereas the witness requirement necessitates that any individual who lives alone

and wishes to vote an absentee ballot will need to either invite another person into their home or travel outside their home to meet a witness. Then, the individual must have the witness watch while they open their ballot envelope, fill out their ballot, close and sign the envelope, and finally exchange the envelope back and forth with the witness to obtain their signature. This situation requires that individuals who live alone and are isolating or practicing social distancing per public health recommendations come into close contact with another individual, and increase the likelihood that those involved will contract COVID-19 and transmit it to others. For this reason, the witness requirement creates a health risk to the general public.

7. Whereas in-person voting also creates a risk to individual voters and to public health, as voting in person involves waiting in line with other voters, interacting with poll workers, and touching voting equipment—some of this in an indoor environment—which also creates significant risk of virus transmission.

8. Whereas as of July 29, 2020, there have been well over 4 million cases and over 150,000 deaths from COVID-19 in the United States, and over 87,000 cases and over 2,100 deaths from COVID-19 in Virginia alone. After declining in late May and into June, the number of daily new COVID-19 cases has once again been steadily rising in Virginia, as in most of the country.

9. Whereas an effective, widely available vaccine for COVID-19 will almost certainly not be available by November 3, 2020, and the significant weight of scientific evidence confirms that COVID-19 will likely continue to transmit widely in the community absent a vaccine or herd immunity, and that herd immunity will not occur anytime in the near future.

10. Whereas on April 17, 2020, Plaintiffs League of Women Voters of Virginia, Katherine D. Crowley, Erikka Goff, and Seijra Toogood filed a complaint against the above-named Defendants challenging enforcement during the ongoing public health crisis caused by the spread

of a novel coronavirus, SARS-CoV-2, of Virginia's witness requirement. Among other relief requested, the Complaint sought to enjoin enforcement of the witness requirement for as long as public health officials continue to recommend social distancing practices due to the risk of community transmission of COVID-19. ECF No. 1 at 33.

11.     Whereas on April 21, 2020, the same Plaintiffs filed a motion for preliminary injunction requesting this Court prohibit the above-named Defendants from enforcing the witness requirement for all Virginia voters for the primary election to be held on June 23, 2020 ("June Primary"), and for all subsequent elections in Virginia until such time as in-person interactions required by compliance with the witness requirement no longer pose a risk to public health and personal safety. Plaintiffs' motion further requested that Defendants be ordered to issue guidance instructing election officials to count otherwise validly cast absentee ballots missing a witness signature and to conduct a public information campaign in conjunction with city and county election officials about the elimination of the requirement.

12.     Whereas those same Plaintiffs and Defendants reached a proposed partial consent decree and judgment (the "first consent decree") that they submitted to the Court for approval on April 27, 2020, governing the operation of the witness requirement for the June Primary. *See* ECF Nos. 35, 35-1, 36. After full briefing on this motion and a hearing, this Court approved the first consent decree which, among other things: (a) prohibited enforcement of the witness requirement for the June Primary for Virginia voters who did not believe they could safely comply; (b) required Defendants to issue guidance instructing all relevant city and county election officials to count all absentee ballots in the June primary that are otherwise validly cast but missing a witness signature; (c) required Defendants to prepare updated voting instructions to accompany the absentee ballots informing voters that any absentee ballot cast in the June Primary without a witness signature will

not be rejected on that basis and specifically inform voters in bold print that they may disregard the witness signature line on the absentee ballot envelope if they believe they may not safely have a witness present while completing their ballot; and (d) requiring Plaintiffs to withdraw their preliminary injunction motion and disclaiming Plaintiffs' right to seek attorneys' fees up to that point in the litigation. ECF No. 68.

13. Whereas in granting the first consent decree, the Court found that: "Plaintiffs' case alleges a probable violation of federal law—that is, applying the witness requirement during this pandemic would impose a serious burden on the right to vote, particularly among the elderly, immunocompromised, and other at-risk populations. Weighed against those risks, the present record reflects the likelihood that the burden would not be justified by the witness requirement's purpose as an anti-fraud measure. Thus, the Court finds that the partial settlement in the proposed consent decree is fair, adequate, and reasonable given the strength of the Plaintiffs' case, and that entering it is not against the public interest, illegal, or the product of collusion." ECF No. 69 at 1.

14. Whereas the June Primary proceeded smoothly under the terms of the first consent decree without an increase in fraud, to the knowledge of the Defendants.

15. Whereas on June 19, 2020, the Court granted Plaintiffs' motion to dismiss Erikka Goff as a Plaintiff, ECF No. 80, and on July 17, 2020, the Court granted Plaintiffs' motion to file a second amended complaint, which added new Plaintiffs Gayle Hardy, Carol D. Petersen, and Tracy Safran, *see* ECF Nos. 83, 84.

16. Whereas discovery produced in this case by Defendants shows that during the May 2020 local elections in Virginia, for which the witness requirement was still in full effect and which occurred after the COVID-19 pandemic began, both the rate and number of absentee ballots rejected for lack of a witness signature climbed substantially.

17.     Whereas on July 24, 2020, Plaintiffs League of Women Voters of Virginia, Katherine D. Crowley, Seijra Toogood, Gayle Hardy, Carol D. Petersen, and Tracy Safran filed a Motion for Preliminary Injunction requesting this Court prohibit Defendants from enforcing the witness requirement for all Virginia voters for the November election and for all subsequent elections in Virginia until such time as in-person interactions required by compliance with the witness requirement no longer pose a risk to public health and personal safety. Plaintiffs' motion further requested that Defendants be ordered to issue guidance instructing election officials to count otherwise validly cast absentee ballots missing a witness signature and conduct a public information campaign in conjunction with city and county election officials about the elimination of the requirement.

18.     Whereas pursuant to Va. Code § 24.2-612, absentee voting must be available 45 days prior to the November 3, 2020 General Election ("the November Election"), or Saturday, September 19, 2020. For localities whose general registrar's offices are closed on Saturday, absentee ballots must be available on Friday, September 18, 2020.

19.     Whereas in light of the data that supports the Plaintiffs' concerns for their safety if they are required to interact with others in order to cast their ballot in the November Election, Plaintiffs and Defendants (collectively, the "Consent Parties") agree that an expeditious resolution of this matter for the November general election, in the manner encompassed by the terms of this Consent Decree, is in the best interests of the health, safety, and constitutional rights of the citizens of the Commonwealth of Virginia, and therefore in the public interest.

20.     Whereas the Consent Parties further agree that no eligible voter should have to choose between casting a ballot that will count and placing their own health at risk.

21. Whereas Defendants agree not to enforce the witness requirement for the November Election for absentee voters who believe they may not safely have a witness present while completing their ballot.

22. Whereas Plaintiffs agree to withdraw their July 24, 2020 Motion for Preliminary Injunction upon entry of this Partial Consent Judgment and Decree.

23. Whereas the Consent Parties agree that entry of this Consent Decree does not affect the viability of Plaintiffs' claims under the First and Fourteenth Amendments to the Constitution, or Section 2 of the Voting Rights Act, with respect to enforcement of the witness requirement in any subsequent elections after the November Election.

24. Whereas Plaintiffs agree to a waiver of any entitlement to damages, fees, including attorneys' fees, expenses, and costs, that may have accrued as of the date of the entry of this order, with respect to the claims raised by Plaintiffs in this action, provided, however, that Plaintiffs reserve their rights to seek costs and attorneys' fees on their claims in the event of material non-compliance by Defendants with the terms and conditions of this Consent Decree.

25. Whereas the Court finds that it has subject matter jurisdiction over the Consent Parties and that the Partial Consent Judgment and Decree is fair, adequate, and reasonable, and not illegal, a product of collusion, or against the public interest because such agreement preserves the constitutional right to vote of Plaintiffs and other Virginia voters while promoting public health during a pandemic and does so without harming the integrity of Virginia's elections. The agreement also gives appropriate weight to Defendants' expertise and public interest responsibility in the area of election administration.

26. Whereas Plaintiffs made a sufficiently strong showing on the merits of the claim, as shown in their complaint and motion for preliminary injunction, to further support the fairness, adequacy, and reasonableness of this Partial Consent Judgment and Decree.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED FOR THE REASONS STATED ABOVE IN PARAGRAPHS 1-26 THAT:**

1. For the November Election, Defendants shall not enforce the requirement, as stated in Va. Code § 24.2-706 and § 24.2-707, that absentee voters have another individual present to witness the voter open, mark, and refold their ballot, and then have that that individual sign the absentee ballot envelope next to the voter's statement and signature, for voters who believe that they may not safely comply.

2. Defendants shall issue guidance instructing all relevant city and county election officials to count all absentee ballots in the November Election that are otherwise validly cast but are missing a witness signature.

3. Defendants shall issue updated instructions to include with all absentee ballots as provided in Va. Code. § 24.2-706—or issue guidance instructing all relevant city and county election officials to modify or amend the printed instructions accompanying each absentee ballot—to inform voters that any absentee ballot cast in the November Election without a witness signature will not be rejected on that basis and specifically inform voters in bold print that they may disregard the witness signature line on the absentee ballot envelope if they believe they may not safely have a witness present while completing their ballot.

4. Defendant Commissioner of Elections shall take additional reasonable steps to inform the public that the witness requirement will not be enforced for the November Election for those absentee voters who believe they may not safely have a witness present while completing

their ballot, and issue guidance instructing all relevant city and county election officials to do the same.

5. Plaintiffs will withdraw their motion for a preliminary injunction.

6. In accordance with the terms of this Consent Decree, the Consent Parties shall each bear their own fees, expenses, and costs incurred as of the date of this Order, with respect to all claims raised by Plaintiffs against the Defendants.

_____
United States District Judge

Dated: _____, 2020

| | |
|---|---|
| /s/ Davin M. Rosborough<br>Davin M. Rosborough (VSB # 85935)<br>Dale E. Ho*<br>Sophia Lin Lakin*<br>Theresa J. Lee*<br>Adriel I. Cepeda-Derieux*<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Phone: (212) 549-2500<br>drosborough@aclu.org<br>dho@aclu.org<br>slakin@aclu.org<br>tlee@aclu.org<br>acepedaderieux@aclu.org<br><br>Vishal Agraharkar (VSB #93265)<br>Eden Heilman (VSB #93554)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA<br>701 E. Franklin Street, Suite 1412<br>Richmond, Virginia 23219<br>Phone: (804) 644-8080<br>Fax: (804) 649-2733<br>vagraharkar@acluva.org<br>eheilman@acluva.org | MARK R. HERRING<br>Attorney General of Virginia<br>By: /s/ Carol L. Lewis<br>CAROL L. LEWIS (VSB #92362)<br>MICHELLE S. KALLEN (VSB #93286)<br>HEATHER HAYS LOCKERMAN (VSB #65535)<br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>804-692-0558 (telephone)<br>804-692-1647 (facsimile)<br>clewis@oag.state.va.us<br><br>*Attorneys for Robert H. Brink, John O'Bannon, Jamilah D. LeCruise and Christopher E. Piper in their official capacities, and the Virginia State Board of Elections* |

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

10