# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF VIRGINIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Case No.: 6:20-cv-00024-NKM |

**INTERVENOR REPUBLICAN PARTY OF VIRGINIA, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

Patrick T. Lewis (admitted pro hac vice)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
216.621.0200 / Fax 216.696.0740
plewis@bakerlaw.com

Christopher M. Marston (VSB No. 65703)
chris@2562group.com
2652 Group LLC
P.O. Box 26141
Alexandria, VA  22313-6141
571.482.6790 / Fax 703.997.2549

Trevor M. Stanley (VSB No. 77351)
E. Mark Braden (admitted pro hac vice)
Katherine L. McKnight (VSB No. 81482)
Richard Raile (VSB No. 84340)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403
202.861.1500 / Fax 202.861.1783
tstanley@bakerlaw.com
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Intervenor,*
*Republican Party of Virginia, Inc.*

On August 21, 2020, over the objection of Intervenors, this Court approved a Consent Decree (ECF No. 95-1) and found it to be "fair, adequate, and reasonable and, further, it is not the product of collusion, illegal, or against the public interest." *See* Memorandum Opinion at 28.  Time has shown that this Consent Decree has been anything but fair to the voters of Virginia because of the failure of Attorney General Mark Herring, the State Board of Elections, and Christopher Piper, Commissioner of the Virginia Department of Elections ("Defendants"), to follow through on their obligations under that Consent Decree.  Specifically, Defendants were to 1) issue guidance to city and county election officials that they were required to count absentee ballots missing a witness signature requirement; and 2) issue updated instructions to inform voters, or have city and county elections officials inform voters, that the witness signature requirement was no longer necessary.  In addition, Defendant Commissioner of Elections Christopher Piper was supposed to have taken additional, reasonable steps to inform the public that the witness signature requirement would not be enforced.  Defendants failed on all three counts.  Although Intervenors opposed the relief granted by the Consent Decree on a number of grounds, the failure of Defendants now directly harms members of the Republican Party of Virginia and subjects members from different areas of the Commonwealth to different rules.

This failure to perform the actions required by the Consent Decree, as detailed in a recent article in the Washington Post, is sowing confusion, harming

members of the Republican Party of Virginia, and disenfranchising voters.[1] As the Vice President of the League of Women Voters of Virginia made clear after receiving her absentee ballot and the accompanying instructions that indicated a witness signature was still necessary on the absentee ballot, "'Why did we file a lawsuit?' she asked. 'I was seeing orange when I got mine. I literally stood in the middle of the living room and screamed, "I don't believe this!"'"[2] The Defendants should be held in Contempt.

For reasons more fully explained in Intervenor Republican Party of Virginia, Inc.'s Memorandum in Support of Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt, the Court should:

1) Grant Intervenor's Motion;

2) Hold Defendants the State Board of Elections and Christopher Piper in Contempt of the Consent Decree;

3) Hold Attorney General Mark Herring in Contempt of the Consent Decree;

4) Require the Virginia Department of Election to update its website within 24 hours of the issuance of this Order by placing a prominent notice that a witness signature is not required on absentee ballots;

---

[1] *See* Patricia Sullivan, Witnesses Aren't Needed for Absentee Voting in Virginia. But the Instructions Sometimes Say Otherwise, Washington Post, available at: https://www.washingtonpost.com/local/virginia-politics/virginia-absentee-ballot-instructions-confusing/2020/09/23/4ec4dfa8-fd1b-11ea-9ceb-061d646d9c67_story.html
[2] *See id.*

2

5) Require the Virginia Department of Elections to use social media to advise members of the public of the removal of the witness signature requirement;

6) Require the Virginia Department of Elections to issue clear guidance to all city and county election officials regarding the witness signature requirement.

7) Grant such additional relief as justice may require.

Dated:     September 25, 2020            Respectfully submitted,

Patrick T. Lewis (admitted pro hac vice)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
216.621.0200 / Fax 216.696.0740
plewis@bakerlaw.com

/s/ Christopher M. Marston
Christopher M. Marston (VSB No. 65703)
chris@2562group.com
2652 Group LLC
P.O. Box 26141
Alexandria, VA  22313-6141
571.482.6790 / Fax 703.997.2549

Trevor M. Stanley (VSB No. 77351)
E. Mark Braden (admitted pro hac vice)
Katherine L. McKnight (81482)
Richard Raile (VSB No. 84340)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403
202.861.1500 / Fax 202.861.1783
tstanley@bakerlaw.com
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Intervenor,*
*Republican Party of Virginia, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2020, the foregoing was filed on the Court's electronic case filing system. Notice of the filing was generated by the Court's electronic system. Copies of the filing are available on that system.

*/s/ Christopher M. Marston*
Christopher M. Marston (VSB No. 65703)
