UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF VIRGINIA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VIRGINIA STATE BOARD OF ELECTIONS, et al.,**<br><br>Defendants. | Case No. 6:20-cv-00024-NKM |

**PLAINTIFFS' RESPONSE TO INTERVENOR REPUBLICAN PARTY OF VIRGINIA, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

As a party to the partial consent judgment and decree entered by the Court concerning Virginia's absentee witness requirement and the proponent of eliminating the witness requirement during the COVID-19 pandemic, Plaintiffs write to respond to Intervenor-Defendant Republican Party of Virginia's ("RPV") Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt. Although Plaintiffs share concerns raised about the lack of clarity in the instructions provided by Defendants to absentee voters, they have continued to work with Defendants to ameliorate these issues as noted below, and thus believe no action from the Court on the RPV's motion is necessary at this time and that contempt is inappropriate.

As Virginians began receiving their absentee ballot packets, Plaintiffs also had concerns about the instructions provided by Defendants to local election officials to include with the packets. Indeed, some local election officials revised the instructions to make them clearer, as in the case of Fairfax County. While the instructions provided by Defendants did indicate that voters who do

not believe they can safely comply with the witness requirement did not need to do so, the language included was different and more ambiguous than the language used for the June 23 primary. Due to these concerns, Plaintiffs' counsel contacted Defendants' counsel on Thursday, September 24, and spoke to them via phone on Friday, September 25, both before the RPV's motion was filed. Plaintiffs considered several options to help alleviate any confusion due to the instructions and ultimately made a proposal to Defendants, which Defendants have agreed to implement promptly. Specifically, Defendant Virginia Department of Elections ("ELECT") will conduct the following steps this week.

*First*, ELECT will issue a clarification of the witness requirement, in language approved by Plaintiffs, making clear that this guidance applies statewide. The language agreed to by Plaintiffs and ELECT states as follows:

> To all Virginians voting by mail/absentee ballots for the November 3, 2020 elections: If you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 Election, you are not required to have a witness present or have a witness sign your ballot envelope. **Your ballot will not be rejected due to a missing witness signature.** These instructions override any instructions on your ballot envelopes regarding witness signatures.

*Second*, ELECT will provide this clarification in the following locations: (a) on the landing page for the Department of Elections; (b) by sending the clarification to city and county election officials and requesting that they add it to their websites and promote it as they see fit; and (c) by having ELECT conduct social and other media outreach concerning this guidance.

Given this agreement, Plaintiffs believe at this time that no action from the Court is necessary to enforce the consent decree or otherwise act against Defendants. While the language provided in the absentee ballot instructions was not a model of clarity as to the status of the witness requirement, Defendants have promptly responded to Plaintiffs' concerns in a productive manner

2

and Plaintiffs believe the agreement reached will help reassure Virginia voters and provide clarity. If the Court believes otherwise, however, Plaintiffs request they have an opportunity to be heard as to any remedial steps considered by the Court.

Dated: September 30, 2020                                    Respectfully submitted,

/s/ Davin M. Rosborough
Davin M. Rosborough (VSB # 85935)
Dale E. Ho*
Sophia Lin Lakin*
Theresa J. Lee*
Adriel I. Cepeda-Derieux*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
drosborough@aclu.org
dho@aclu.org
slakin@aclu.org
tlee@aclu.org
acepedaderieux@aclu.org

Vishal Agraharkar (VSB #93265)
Eden Heilman (VSB #93554)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF AMERICA, INC.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax: (804) 649-2733
vagraharkar@acluva.org
eheilman@acluva.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2020, I served a copy of the foregoing document via filing with the Court's CM/ECF system, which sent copies of this document to Counsel of Record.

>	/s/ Davin M. Rosborough
>	Davin M. Rosborough (VSB # 85935)
>	American Civil Liberties Union Foundation
>	125 Broad Street, 18th Floor
>	New York, NY 10004
>	Tel.: (212) 549-2500
>	drosborough@aclu.org
>
>	*Counsel for Plaintiffs*