UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF VIRGINIA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 6:20-cv-00024 |
| VIRGINIA STATE BOARD OF ELECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO INTERVENORS'
MOTION FOR AN ORDER TO SHOW CAUSE**

Throughout this proceeding, Virginia election officials have worked diligently to ensure that all qualified Virginians have a free, fair, and safe opportunity to vote despite the challenges presented by the ongoing COVID-19 pandemic. When reports of confusion about the witness requirement emerged last week, Defendants worked swiftly with Plaintiffs on remedies. Defendants have already alerted voters prominently on the Department of Elections website that "[y]our ballot will not be rejected due to a missing witness signature" and "[i]f you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 Election, you are not required to have a witness present."[1]

In contrast, Intervenor Republican Party of Virginia (RPV) has chosen a different tack. Instead of contacting state election officials to begin a dialogue about remedies to alleviate the reported voter confusion, RPV came straight to this Court to begin *contempt* proceedings—not only against the actual Defendants, but also against Virginia's Attorney General, who is not (and

---

[1] Virginia Department of Elections, *Absentee and Early Voting*, https://www.elections.virginia.gov/casting-a-ballot/absentee-voting/ (Sept. 30, 2020).

has never been) a party to this proceeding. The Court should promptly and firmly deny RPV's inflammatory and politically charged motion.

## STANDARD

Where, as here, a party acts reasonably in carrying out the mandates of a consent judgment, contempt is an inappropriate remedy. Indeed, "contempt is a severe remedy which should be invoked only when truly necessary." *Doe v. Herman*, No. CIVA 97-0043-B, 1998 WL 35113312, at *3 (W.D. Va. May 6, 1998). Because contempt is an extreme sanction, "[t]he court should not hold the alleged contemnor to a standard of absolute perfect compliance with the court's edict." *Id.* at *4. Rather, "the standard is one of substantial compliance," *id.*, and "civil contempt may be improper if a party's attempt at compliance was 'reasonable,'" *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2960, pp. 430–31 (2013)).

To establish civil contempt, four elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree and had knowledge of such violations; and (4) that the movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

## ARGUMENT

RPV's motion disregards the Fourth Circuit's "strong policy" of facilitating joint resolution of disputes "to advantage the parties and to conserve scarce judicial resources." *Okie Int'l Co. v. Old Dominion Footwear, Inc.*, No. 6:13-CV-00012, 2014 WL 176770, at *1 (W.D. Va. Jan. 16, 2014) (internal citations and quotations omitted). Rather than communicate with

Defendants or Plaintiffs about its new concern with the witness requirement, RPV—who twice opposed the terms of the consent decree—now asks this Court to proceed directly to contempt proceedings. RPV comes nowhere close to showing that state election officials or Virginia's Attorney General engaged in any behavior deserving of a contempt finding.

**I.  Defendants have taken numerous measures to alleviate any confusion about the witness requirement**

Throughout this matter, Defendants have acted in good faith to make all reasonable efforts to comply with the consent decree. Immediately following concern about voter confusion, Defendants swiftly acted to clarify that confusion.

1. Upon entry of the consent decree, Defendants issued draft Vote By Mail Instructions to all localities. The first paragraph of those instructions specifically addressed the witness requirement:

> If you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 elections, you are not required to have a witness present for steps 1 through 3 listed below.
> Accordingly, you may disregard the witness signature line on Envelope B if you believe you may not safely have a witness present while completing your ballot.[2]

Defendants also took other steps in furtherance of and compliance with the consent decree. The Voter Pocket Guide on the homepage of the Department of Elections website states that "[i]f you believe you cannot safely have a witness present while completing your ballot, you may disregard the witness signature requirement when completing your mail-in absentee ballot for the November 3, 2020 election."[3]

Defendants posted prominently on the Department of Elections' website:

---

[2] See Va. Dep't of Elections, Absentee: Instructions for November 3, 2020 only (Sept. 4, 2020), https://www.elections.virginia.gov/formswarehouse/absentee/ (reflecting the various instructions voters received for the November 3 election).

[3] Va. Dep't of Elections, Voter Pocket Guide 4 (Sept. 29, 2020), https://www.elections.virginia.gov/media/formswarehouse/2020-voter-outreach/pocket-guides/Pocket-Guide-digital_3Nov2020.pdf.

> ***If you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 Election, you are not required to have a witness present.***
>
> ***Accordingly, you may disregard the witness signature requirement if you believe you may not safely have a witness present while completing your ballot.***[4]

Defendants also posted social media links to information regarding the witness requirement, including a Twitter link to the Voter Pocket Guide[5] and a Facebook post regarding the Voter Pocket Guide.[6]

    2.    Following recent reports of lingering confusion about the witness requirement, Defendants worked with Plaintiffs to dispel any confusion. Defendants have further tailored the instructions regarding the witness requirement to clarify:

> To all Virginians voting by mail/absentee ballots for the November 3, 2020 elections: If you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 Election, you are not required to have a witness present or have a witness sign your ballot envelope. Your ballot will not be rejected due to a missing witness signature. These instructions override any instructions on your ballot envelopes regarding witness signatures.

These instructions will be posted prominently on the Department of Elections website and on social media.[7] See also Pls.' Resp. to Mot. for Order to Show Cause, ECF. No. 114.

---

[4] Va. Dep't of Elections, *Absentee and Early Voting*, https://www.elections.virginia.gov/casting-a-ballot/absentee-voting/ (last visited Sept. 29, 2020).

[5] Va. Dep't of Elections (@vaELECT), TWITTER (Sept. 24, 2020, 7:45 AM), https://twitter.com/vaELECT/status/1309096531786686466..

[6] Va. Dep't of Elections, *Get Your Voter Pocket Guide Today and be #ReadyToVote*, FACEBOOK (Sept. 28, 2020, 5:02 AM), https://www.facebook.com/VirginiaELECT/photos/a.10150925461894413/10158749915664413/?type=3&theater.

[7] It would, however, be impractical, to suggest that all 133 localities in Virginia reprint the instructions that are inserted into absentee ballot packages at this late date. Further, it would imperil the ability of local election officials to actually carry out an election in which presidential, congressional, and local candidate appointments hang in the balance. More than one million voters have already requested absentee ballots or voted early in-person. After an unprecedented year, election officials are already facing unprecedented voter turnout due to the COVID-19 pandemic and the ability of voters to now vote absentee without providing a reason. Requiring a re-printing of any ballot insert would delay the provision of absentee ballots, impede the right to vote, and replace the purported "confusion" of which the RPV complains with chaos.

3. "A court's contempt power, which reflects the court's broad authority, cannot be exercised when there is 'fair ground of doubt as to the wrongfulness of' the conduct in question." *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 267–68 (4th Cir. 2019), *as amended* (Aug. 7, 2019) (quoting *Taggart*, 139 S. Ct. at 1801). Here, RPV has failed to point to *any* wrongful conduct at all. To the contrary, Defendants and the Attorney General have consistently endeavored to assure a safe, free, and fair election. And when concern arose about confusion about the witness requirement, Defendants acted swiftly to alleviate those concerns. Because Defendants have acted in good faith and, at minimum, substantially complied with the consent decree, contempt proceedings would be entirely inappropriate. See *Herman*, 1998 WL 35113312, at *4 ("Substantial compliance is found where, in good faith, all reasonable steps have been taken to ensure conformance with the court's order.").

## II. There is no basis for contempt proceedings against the Attorney General

RPV's attempts to commence contempt proceedings against the Attorney General is so legally without merit as to raise the specter of political machination. The Supreme Court has been clear that "a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree" and "*only* the parties to the decree can be held in contempt of court for failure to comply with its terms." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529–30 (1986) (emphasis added). The Attorney General is not—and has never been—a party to this case.[8] Nor was he a party to the consent decree. That should be the end of the matter.

---

[8] Because the Attorney General does not personally administer or enforce any of the underlying statutes, any claims against him would have been barred by the Eleventh Amendment. See *Wright v. North Carolina*, 787 F.3d 256, 261 (4th Cir. 2015); *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001).

To the extent that contempt proceedings could ever be appropriate against a non-party, that is certainly not the case here. RPV does not—and cannot—point to any bad-faith conduct by the Attorney General intended to delay or disrupt the consent decree. To the contrary, the Attorney General has made numerous efforts to facilitate a smooth election and clarify any confusion because he is committed to ensuring that every Virginian can cast their vote without risking their health.[9]

\* \* \*

RPV made no effort to contact Defendants or the Attorney General before bringing the present motion. "Had they done so, perhaps they would have realized that they could not meet the stringent standard to show civil contempt." *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 25 (D.D.C. 2018).

---

[9] See, *e.g.*, Mark Herring (@MarkHerringVA), TWITTER (May 5, 2020, 5:44 PM), https://twitter.com/MarkHerringVA/status/1257788223713091586; See Mark Herring (@MarkHerringVA), TWITTER (Aug. 22, 2020, 10:01 AM),https://twitter.com/MarkHerringVA/status/1297172092857851907; News Release, Office of the Attorney General, Court Approves Attorney General Herring's Agreement to Promote Safe Absentee Voting by Mail in November (Aug. 21, 2020), https://www.oag.state.va.us/media-center/news-releases/1799-august-21-2020-court-approves-ag-herring-s-agreement-to-promote-safe-absentee-voting-by-mail-in-november.

## CONCLUSION

The motion for an order to show cause should be denied.

        MARK R. HERRING
        Attorney General of Virginia

        */s/ Michelle S. Kallen*

        MICHELLE S. KALLEN (VSB #93286)
        HEATHER HAYS LOCKERMAN (VSB #65535)
        CAROL L. LEWIS (VSB #92362)
        CALVIN C. BROWN (VSB # 93192)
        Office of the Attorney General
        202 North Ninth Street
        Richmond, Virginia 23219
        804-786-7704 (telephone)
        804-371–0200 (facsimile)
        mkallen@oag.state.va.us
        *Attorneys for Robert H. Brink, John O'Bannon, Jamilah D. LeCruise and Christopher E. Piper in their official capacities, and the Virginia State Board of Elections*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 7(g)(3), I hereby certify that on September 30, 2020, I will file this document electronically through the Court's CM/ECF system, which will effect service on all counsel who have appeared.

*/s/ Michelle S. Kallen*

Michelle S. Kallen
Counsel for Defendants, *for Robert H. Brink, John O'Bannon, Jamilah D. LeCruise and Christopher E. Piper in their official capacities, and the Virginia State Board of Elections*