IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF VIRGINIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Case No.: 6:20-cv-00024-NKM |

**REPUBLICAN PARTY OF VIRGINIA, INC.'S REPLY TO PLAINTIFFS' AND DEFENDANTS' RESPONSES TO MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

Plaintiffs and Defendants both agree that the Attorney General, the Board of Elections, and the Commissioner failed to implement the Consent Decree. Moreover, Plaintiffs and Defendants entirely miss the point. Under this court's order, and a later-enacted statute, <u>no voter is required to have a witness signature</u>. Rather than issue instructions in plain language in easily accessible places in a timely fashion, Defendants delayed and issued unclear guidance that, at best, unclearly stated the law.

Plaintiffs and Defendants make much of having negotiated a remedial agreement before Intervenor's motion. Coincidentally, although they reached the agreement earlier, they failed to implement it until the day they filed their responses.

Instead of fixing the problems they created, the Attorney General, the Board of Elections, and the Commissioner argue the Republican Party of Virginia filed its motion for political purposes. There is nothing political about the poorly implemented Consent Decree and the disenfranchisement of voters in Virginia. The Attorney General is playing games and harming voters—the opposition simply affirms how he has failed the citizens of Virginia.

This failure to advise his clients is clear. Pursuant to this Court's order, local election officials must "count all absentee ballots in the November Election that are otherwise validly cast but are missing a witness signature." (Order Granting Mot. to Approve Consent J. (Dkt. 110 Attach. 1)).

And a general law enacted after this Court's order, but before Defendants updated guidance to local election officials, provided in relevant part: "… notwithstanding the provisions of §§ 24.2-706 and 24.2-707 of the Code of Virginia, the failure of an absentee voter … to have a witness sign the statement on the back of the absentee ballot return envelope shall not be considered a material omission and shall not render his ballot void." 2020 Special Sess. I Va. Act. Ch. 1 (Dkt. 113. Attach. 6).

Quite simply, no voter is required to have a witness signature, yet the Defendants, even in the remedial plan developed with Plaintiffs, still emphasize the application of this rule only to voters who "believe they may not safely have a witness present." Defendants note, only in passing, that "your ballot will not be rejected due to a missing signature." And the antecedent of "your" is clearly the voters who believe

the presence of a witness would compromise their safety. (Def.'s Resp. in Opp'n to Intervenor's Mot. to Show Cause 4. (Dkt. 115))

Despite having over a month between requesting the court's approval of their consent decree and issuing guidance, Defendants managed to provide inaccurate guidance that served simply to confuse voters, not once, but twice. Voters deserve clarity and all should be aware that no voter is required to have a witness signature. This Court must intervene on behalf of the citizens of the Commonwealth because the Attorney General, the Board of Elections, and the Commissioner have failed to protect them.

For the foregoing reasons, Intervenor, the Republican Party of Virginia, Inc., respectfully requests that the Court grant this motion.

Dated:      October 2, 2020                    Respectfully submitted,

*/s/ Christopher M. Marston*
Christopher M. Marston (VSB No. 65703)
chris@2562group.com
2652 Group LLC
P.O. Box 26141
Alexandria, VA  22313-6141
571.482.6790 / Fax 703.997.2549

Trevor M. Stanley (VSB No. 77351)
E. Mark Braden (admitted pro hac vice)
Katherine L. McKnight (81482)
Richard Raile (VSB No. 84340)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403
202.861.1500 / Fax 202.861.1783
tstanley@bakerlaw.com
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis (admitted pro hac vice)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
216.621.0200 / Fax 216.696.0740
plewis@bakerlaw.com

*Counsel for Intervenor,*
*Republican Party of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2020, the foregoing was filed on the Court's electronic case filing system. Notice of the filing was generated by the Court's electronic system. Copies of the filing are available on that system.

*/s/ Christopher M. Marston*
Christopher M. Marston (VSB No. 65703)
