CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/9/2020

JULIA C. DUDLEY, CLERK
BY:   s/ CARMEN AMOS
      DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF VIRGINIA, *et al.*, | CASE NO. 6:20-cv-00024 |
| *Plaintiffs*, | |
| v. | ORDER |
| VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

Before the Court is Intervenor Republican Party of Virginia's ("RPV") Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt. Dkt. 112. RPV argues that the Virginia State Board of Elections and Virginia Department of Elections Commissioner Christopher Piper (the "State Defendants"), along with the Attorney General of Virginia, have not lived up to their commitments under the Partial Consent Judgment and Decree, Dkt. 110-1, and Addendum thereto, Dkt. 110-2, which this Court approved in its August 21, 2020 Order, Dkt. 110. Dkt. 113 at 2–3, 5–9.

The bottom line of the Consent Decree and this Court's order approving the Consent Decree is that Virginians voting by mail in the November 3, 2020 elections do not need a witness signature on their ballots for their votes to count.

Under the Consent Decree concerning the November 3, 2020 elections, the State Defendants committed to (1) not enforce the witness and witness signature requirements, (2) issue guidance instructing local election officials to count absentee ballots without witness signatures, (3) issue updated absentee ballot instructions or guidance instructing local election officials to modify absentee ballot instructions to inform voters "that any absentee ballot cast in the November

Election without a witness requirement will not be rejected on that basis and specifically inform voters in bold print that they may disregard the witness signature line on the absentee ballot envelope if they believe they may not safely have a witness present while completing their ballot," and (4) inform the public that the witness requirement will not be enforced. Dkt. 110-1 at 8–9.

A party seeking a civil contempt order must prove four elements by clear and convincing evidence: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (citation omitted).

Because the Attorney General of Virginia is not a party to the Consent Decree, RPV cannot ask this Court to hold him in contempt. *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 530 (1986) ("[O]nly the parties to the [consent] decree can be held in contempt of court for failure to comply with its terms.").

Nor has RPV established a prima facie case warranting a civil contempt order against the State Defendants. First, RPV fails to show by clear and convincing evidence a decree in its favor. *See* Dkt. 99 (RPV's Brief/Memorandum in Opposition to Motion for Preliminary Injunction and Motion to Approve Consent Judgment); Dkt. 112 at 2 (noting that the Consent Decree was entered into over RPV's objections); Dkt. 115 at 3 (noting RPV's opposition to the Consent Decree). Second, RPV fails to show by clear and convincing evidence that State Defendants knowingly violated the terms of the Consent Decree. Not only that, the State Defendants' initial actions and prompt corrective measures show substantial compliance with the consent decree. *See JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699 (4th Cir. 2004) (affirming district court's

denial of motion for civil contempt based on nonmoving party's substantial compliance with injunction). The State Defendants issued draft instructions to local election officials that addressed the witness requirement in the first paragraph in language that tracked the language of the Consent Decree.[1] The State Defendants posted the same language on the Virginia Department of Elections' "Absentee and Early Voting" web page[2] and similar language in a Voter Pocket Guide.[3] Dkt. 115 at 3–4. And the State Defendants have issued and publicized via the Virginia Department of Elections' home page[4] and social media[5] amended instructions and guidance clarifying the witness requirement and explicitly informing voters that their "ballot[s] will not be rejected due to a missing witness signature." Dkts. 114 at 2–3, 115 at 1, 4. Finally, because RPV cannot show by clear and convincing evidence that State Defendants failed to follow through on their commitments under the Consent Decree, RPV also fails to show that it suffered harm as a result of State Defendants' actions.

---

[1] "If you believe you may not safely have a witness present while completing the absentee ballot for the November 3, 2020 elections, you are not required to have a witness present for steps 1 through 3 listed below. Accordingly, you may disregard the witness signature line on Envelope B if you believe you may not safely have a witness present while completing your ballot." Dkt. 115 at 3. *See* Va. Dep't of Elections, *Absentee: Instructions for November 3, 2020 only* (Sept. 4, 2020), https://www.elections.virginia.gov/formswarehouse/absentee/ (last visited Oct. 7, 2020).

[2] Va. Dep't of Elections, *Absentee and Early Voting*, https://www.elections.virginia.gov/casting-a-ballot/absentee-voting/ (last visited Oct. 7, 2020).

[3] "If you believe you cannot safely have a witness present while completing your ballot, you may disregard the witness signature requirement when completing your mail-in absentee ballot for the November 3, 2020 election." Va. Dep't of Elections, *Voter Pocket Guide*, https://www.elections.virginia.gov/media/2020-voter-outreach/pocket-guides/Pocket-Guide-digital_3Nov2020.pdf (last visited Oct. 7, 2020).

[4] Va. Dep't of Elections, https://elections.virginia.gov/index.html (last visited Oct. 7, 2020).

[5] VirginiaELECT, Facebook (Oct. 1, 2020, 9:23 AM) https://www.facebook.com/VirginiaELECT/photos/a.10150925461894413/10158757935429413/ (last visited Oct. 7, 2020); @vaELECT, Twitter (Oct. 1, 2020, 11:10 AM), https://twitter.com/vaELECT/status/1311684846943690756 (last visited Oct. 7, 2020).

The motion, Dkt. 112, is hereby **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record.

Entered this ____9th____ day of October 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE