UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF VIRGINIA; KATHERINE D. CROWLEY; SEIJRA TOOGOOD; GAYLE HARDY; CAROL D. PETERSEN; and TRACY SAFRAN,** | Case No. 6:20-cv-00024-NKM-RSB |
| **Plaintiffs,** | |
| v. | |
| **VIRGINIA STATE BOARD OF ELECTIONS; ROBERT H. BRINK, JOHN O'BANNON, and JAMILAH D. LECRUISE, in their official capacities as Chairman, Vice-Chair, and Secretary of the Virginia State Board of Elections, respectively; and CHRISTOPHER E. PIPER, in his official capacity as Commissioner of the Virginia Department of Elections,** | |
| **Defendants,** | |
| **REPUBLICAN PARTY OF VIRGINIA,** | |
| **Intervenor-Defendant.** | |

**JOINT MOTION TO AMEND PARTIAL CONSENT JUDGMENT AND DECREE**

Plaintiffs and Defendants (collectively, the "Consent Parties") respectfully request that this Court to approve the attached amendment to the partial consent judgment and decree that this Court entered on August 21, 2020, concerning the application of the absentee ballot witness requirement during the November 3, 2020 elections (the "November consent decree"). Specifically, the Consent Parties seek to extend the terms of the November Consent Decree to special elections being held on January 5, 2020 for the Second and Ninetieth districts for the

Virginia House of Delegates, and special elections for local offices in King William County on February 2, 2020, and in Southampton County on February 9, 2020 (collectively, the "January/February Special Elections").[1] Such a modification is proper under this Court's inherent equitable powers. *See, e.g.*, *Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007) (explaining that a "district court has the inherent authority . . . to modify a decree."); *see also Earth Island Inst., Inc. v. S. Cal. Edison*, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001) ("The Court's power to modify the Consent Decree is derived from principles of equity and exists independent from any express authorization within the Decree . . . ."); *Feeling v. Kelly*, 152 F.R.D. 670, 675 (D.D.C. 1994) (modification of consent decree appropriate under the court's "inherent powers").

The same reasons why the Court approved the November consent decree support this limited extension, *see* ECF No. 109 at 12, and therefore doing so would vindicate the public interests of ensuring access to the ballot, protecting election integrity, and promoting public health during the COVID-19 pandemic. Specifically, in approving the November consent decree, the Court found that the proposed removal of the witness requirement for Virginians who could not safely comply was fair, reasonable, adequate, and in the public interest because "even with the available arsenal of conceivable precautions one could take to reduce risk of contracting the virus," without altering the witness requirement, "many would be dissuaded from exercising their vote both because of the risk of illness and the efforts involved in mitigating that risk—especially those who are elderly, immunocompromised, or otherwise at grave risk from the virus." *Id.* at 18. And given that both the June primary and November election proceeded smoothly under the terms of

---

[1] Va. Dep't of Elections, "Upcoming Elections," https://www.elections.virginia.gov/casting-a-ballot/calendars-schedules/upcoming-elections.html (last visited Dec. 15, 2020).

2

the previous consent decrees without an increase in fraud, to the knowledge of the Defendants, there is no countervailing reason not to extend the previous consent decree for these upcoming elections. Indeed, in light of the worsening COVID-19 crisis and the extended vaccine timeline, the amendment is necessary to serve those same interests.

Less than four months after approving the November consent decree, Virginia's cases have more than doubled to over 288,000 cases, with more than 16,000 hospitalizations, and almost 4,5000 deaths.[2] And the number of new cases by day are approximately triple the number of any seven-day stretch before the November election.[3] As such, on December 10, 2020, Governor Northam issued Executive Order 72, expanding "measures to stem the spread of the virus throughout the Commonwealth" including by instituting a modified stay-at-home order and prohibiting "public and private in-person gatherings of more than 10 individuals who do not live in the same residence" except for religious services and educational instruction. He did so due to the "surge" in new cases and the fact that "[a]ll five health regions are experiencing increases in new COVID-19 cases, positive tests, and hospitalizations," and because "socialization with persons outside of your household and sustained activities in indoor settings contribute significantly to the transmission of the virus." The same reasons motivating approval of the consent decree for last month's election therefore support its extension for these limited January and February special elections.

---

[2] Va. Dep't of Health, "COVID-19 in Virginia: Summary," https://www.vdh.virginia.gov/coronavirus/covid-19-in-virginia/ (last updated Dec. 15, 2020).

[3] Va. Dep't of Health, "Case Measure: Total Cases by Date Reported," https://www.vdh.virginia.gov/coronavirus/key-measures/ (last updated Dec. 15, 2020).

This amendment represents a fair, adequate, and reasonable arrangement which will benefit all parties while serving the public interest. The Consent Parties therefore request that the Court enter this agreement, which will allow all qualified Virginians to vote and protect their health.

Dated: December 18, 2020

/s/ Davin M. Rosborough
Davin M. Rosborough (VSB # 85935)
Dale E. Ho*
Sophia Lin Lakin*
Theresa J. Lee*
Adriel I. Cepeda-Derieux*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
drosborough@aclu.org
dho@aclu.org
slakin@aclu.org
tlee@aclu.org
acepedaderieux@aclu.org

Vishal Agraharkar (VSB #93265)
Eden Heilman (VSB #93554)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF AMERICA, INC.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax: (804) 649-2733
vagraharkar@acluva.org
eheilman@acluva.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

Respectfully submitted,

MARK R. HERRING
Attorney General of Virginia
By: /s/ Carol L. Lewis
CAROL L. LEWIS (VSB #92362)
MICHELLE S. KALLEN (VSB # 93286)
HEATHER HAYS LOCKERMAN (VSB #65535)
CALVIN C. BROWN (VSB #93192)
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
804-692-0558 (telephone)
804-692-1647 (facsimile)
clewis@oag.state.va.us

*Attorneys for Robert H. Brink, John O'Bannon, Jamilah D. LeCruise and Christopher E. Piper in their official capacities, and the Virginia State Board of Elections*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2020, I served a copy of the foregoing Joint Motion to Amend Partial Consent Judgment and Decree via filing with the Court's CMECF system, which sent copies of this document to Counsel of Record.

/s/ Davin M. Rosborough
Davin M. Rosborough (VSB # 85935)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
drosborough@aclu.org

*Counsel for Plaintiffs*